UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KELLY BENOIT LEACH, an individual, d/b/a/ NOVEL GRAPHICS PERSONALIZED GIFTS, a sole proprietorship, and DOES 1-10,<br><br>Defendants. | Case No.: 20-cv-89-BEN (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. 8] |

Before the Court is Defendant Kelly Benoit Leach's ("Defendant") Motion to Dismiss or, in the Alternative, Motion to Transfer Venue. (*See* Doc. No. 8.) The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78 78(b). No opposition having been filed by Plaintiff, Luminence, LLC ("Plaintiff"), the Court grants the Motion and orders the case dismissed without prejudice.

## I. BACKGROUND

### A. Factual Background

According to the Complaint, Plaintiff is a limited liability company registered in California which creates and sells Glowbys® brand hair attachments (*unique fiber optic light-up accessories*) through its website, www.luminence.com. (Doc. No. 1 ¶¶ 2, 7-8.) In support of its business and product line, Plaintiff created an artistic and expressive photographic image of a model wearing some of its Glowbys products. Plaintiff registered

the photographic image titled *Girl Wearing Glowbys* 1 with the United States Copyright Office, under Registration Number VA 1-897-465. *Id*. ¶¶ 9-10. Thereafter, Plaintiff obtained registrations for its other photographic works entitled *Girl with Pigtails Wearing Glowbys*, U.S. Registration Number VA 2-030-354, *Girl Wearing Multicolored Glowbys*, U.S. Registration Number VA 2-033-238, *Girl Wearing White Glowbys*, U.S. Registration Number VA 2-033-238, *Girl Wearing White Glowbys*, U.S. Registration Number VA 2-033-385, *Girl Wearing Green Gem Glowbys*, U.S. Registration Number VA 2-086-428, and *Girl Wearing Pink Glowbys*, U.S. Registration Number VA 2-033-388. *Id*. ¶ 10. Plaintiff contends that it has never licensed, authorized, or otherwise permitted the Defendant to reproduce, distribute, display, or use its copyrighted works. *Id*. ¶ 13.

Defendant, owns and operates Novel Graphics Personalized Gifts (*a sole proprietorship*) out of her residence in Cypress, Texas. *Id*. ¶ 3. Through her online store[1], Defendant markets and sells various retail products including a competing version of a fiber optic hair accessory like that of Glowbys product line.[2] *Id*. ¶ 14.

On February 11, 2019, Plaintiff allegedly ordered from Defendant's website a fiber optic, light up, hair clip which Plaintiff contends is a competing product to their Luminence Glowbys line of fiber optic, light up, hair clips.[3] *Id*. ¶ 15. On April 4, 2019, Plaintiff emailed Defendant to request her unauthorized use of Plaintiff's copyrighted images cease. *Id*. ¶ 16. Plaintiff contacted the Defendant a second time (*by US Mail*). *Id*. ¶ 17.

On April 13, 2019, Defendant removed copyrighted works VA 2-030-354, VA 2-033-238, VA 2-033-385 and VA 2-086-428 from its website, replacing them with other

---

[1]   Novel Graphics Personalized Gifts web address: www.blanks4vinyls.com.
[2]   "Defendant directly competes with Plaintiff by selling competing Flash Braid brand fiber optic light-up hair accessories. According to the Complaint, the packaging makes unauthorized use of one of the copyrighted works (VA 1-897-465)." (Doc. No. 1 ¶ 14.)
[3]   According to the Complaint, the Defendant's webpage showed images of the Copyrighted Works VA 2-030-354, VA 2-033-238, VA 2-033-385, and VA 2-086-428. (Doc. No. 1 ¶ 15.)

images of Plaintiff's copyrighted works (*VA 2-033-238, VA 2-033-388,* and *VA 1-897-465*). *Id*. ¶ 18.  Thereafter, on May 22, 2019 and July 21, 2019, Plaintiff purchased from Defendant's website, two additional fiber optic, light up, hair clips which it determined were competing products to its Glowbys product line. *Id*. ¶¶ 19, 20.  Defendant allegedly continues to use Plaintiff's copyrighted works on the Novel Graphics Personalized Gifts website. *Id*. ¶ 21.

### B. Procedural Background

On January 13, 2020, Plaintiff filed its Complaint alleging a single federal claim of copyright infringement. On January 29, 2020, Defendant filed the instant Motion to Dismiss, or, in the alternative, Motion to Transfer Venue.  No opposition to the motion has been filed by Plaintiff.

## II. LEGAL STANDARD

### A. Personal Jurisdiction

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Federal courts do not have personal jurisdiction over a nonresident defendant unless: (1) the defendant purposefully established "minimum contacts" with the forum state and (2) the exercise of jurisdiction comports with "fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014).  Minimum contacts are shown if the defendant's affiliations with the state are so constant and pervasive "as to render [it] essentially at home in the forum State" (*general jurisdiction*), or if the defendant has sufficient contacts arising from or related to specific transactions or activities in the state (*specific jurisdiction*). *Id*. at 122, 127.

### B. Venue

Title 28, Section § 1400(a) provides that copyright actions "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "'The Ninth Circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any

judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" *Adobe Sys. Inc. v. Glue Source Grp., Inc.*, 125 F. Supp. 3d 945, 959 (N.D. Cal. 2015) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010), *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017)). Thus, "'[t]he court uses basically the same procedure to decide a motion to dismiss for improper venue as it does for deciding a motion to dismiss for lack of personal jurisdiction.'" *Id.* (citation omitted).

If an action is filed in the "wrong division or district" a court may dismiss the action or, "if it be in the interest of justice" transfer the action to an appropriate district or division. 28 U.S.C. § 1406(a). In federal courts, the determination of where venue is appropriate "is governed entirely by statute." *Zumba Fitness, LLC v. Brage*, 2011 WL 4732812 (C.D. Cal. Oct. 6, 2011) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 181 (1979)). When deciding a motion to dismiss for improper venue, unlike a Rule 12(b)(6) motion, the court need not accept the pleadings as true and may consider facts outside the pleadings. *See R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). To defeat a motion to dismiss for improper venue, the plaintiff needs only to make a prima facie showing of proper venue. In this case, Plaintiff has not made any response to Defendant's venue objection.

**C. Transfer**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's

choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997). However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." *Catch Curve, Inc. Venali, Inc.*, 2006 U.S. Dist. LEXIS 96379, *3-4, 2006 WL 4568799 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1979). The decision to transfer lies within the sound discretion of the trial judge. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988).

### III. DISCUSSION

In the instant motion, Defendant moves to dismiss this action for lack of personal jurisdiction and for improper venue, or in the alternative, to transfer the claim to the U.S. District Court for the Southern District of Texas, Houston Division.[4] (Doc. No. 8 at 8.)

**A. Venue is Improper as to Defendant**

---

[4] The Court notes that Defendant's section § C, subtitle contains a typographical error indicating the case should be transferred "…to the U.S. District Courts located in the District of Nevada (Las Vegas), …," rather than to the Southern District of Texas, Houston Division, as indicated throughout the Motion. (Doc. No. 8 at 7.)

In most actions, venue is governed by the general venue statue, 28 U.S.C. § 1391. However, as mentioned earlier, claims for copyright infringement are unique in that, in such claims, venue is governed by the special venue provisions of the Copyright Act. *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. Feb. 27, 2007) ("The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act, [28 U.S.C. § 1400(a)]."). The venue provision of the Copyright Act, 28 U.S.C. 1400(a), provides, in pertinent part: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights … may be instituted in the district in which the defendant or his agent resides or may be found." The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction. In other words, the analysis of venue under the Copyright Act is, in large part, coterminous with the analysis on a motion to dismiss for lack of personal jurisdiction.

### 1. This Court Does Not Have Personal Jurisdiction Over Defendant

Generally, personal jurisdiction exists if: (1) it is permitted by the forum state's long-arm statute; and (2) the "exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops*, 103 F.3d 888, 893 (9th Cir. 1996)). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either *general* or *specific*.

#### a. *General* Personal Jurisdiction

A nonresident defendant that has "substantial" or "continuous and systematic" contacts with this District may be sued here, even if the lawsuit concerns matters unrelated to those contacts. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 23 F.3d 1082, 1086 (9th Cir. 2000). However, "[t]he standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world.'" *Mavrix Photo, Inc. Brand Tech., Inc.*, 647 F.3d 1218 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)).

Here, Defendant operates Novel Graphics Personalized Gifts exclusively in Cypress, Texas. (Doc. No. 8 at 5.) Plaintiff's Complaint provides no evidence that Defendant has any employees in San Diego or that she conducts business there. Sometimes, even continuous and systematic business operations are insufficient to justify general jurisdiction. *See Martinez*, 764 F.3d at 1070 ("The Court in *Daimler* rejected the plaintiffs' argument, also pressed by plaintiff here, that general jurisdiction is appropriate whenever a corporation 'engages in a substantial, continuous, and systematic course of business' in a state."). The Defendant does not have a headquarters or executive office in California, and her center of control is in Texas. (*See* Doc. No. 8 at 5.) Under *Daimler*, Defendant is not "at home" in California. Moreover, Plaintiff having not filed a response to the motion, in effect concedes that Defendant is not incorporated in California and is not registered to do business in California. (Doc. No. 1 ¶ 3.) Taken together, none of these facts support a finding that the Defendant is "fairly regarded as at home" in this District. *Goodyear*, 131 S. Ct. at 2853-2854. Thus, while Defendant's internet sales may give it a presence in the domestic and international market, it is not automatically subject to general jurisdiction in every large market. Accordingly, general jurisdiction over Defendant is lacking in this forum.

                                        b. *Specific* Personal Jurisdiction

A court may assert specific jurisdiction based on a defendant's forum-related activities. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The Ninth Circuit has established a three-part test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of satisfying the first two prongs and must do so to establish specific jurisdiction. *Schwarzenegger*, 374 F.3d at 802. Plaintiff has not carried its burden.

### (1) *Purposeful Direction*

The Court looks first to whether Defendant has purposefully directed its activities into this district or purposely availed itself of the privilege of conducting activities in this district. "The Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts." *Lang v. Morris*, 823 F. Supp. 2d 966, 970 (N.D. Cal. 2011). Specifically, the "purposeful availment analysis is most often used in suits sounding in contract," where as the "purposeful direction analysis … is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802. Courts agree that claims for copyright infringement, such as Plaintiffs, sound in tort; therefore, a purposeful direction analysis is appropriate here. *See Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) ("Because Mavrix has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'") (citations omitted); *IO Group, Inc. v. Pivotal, Inc.*, 2004 WL 838164, at *5 (N.D. Cal. Apr. 19, 2004) ("Copyright infringement may be characterized as an intentional tort.").

In a purposeful direction analysis, courts apply the "effects" test first set forth by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Mavrix Photo*, 647 F.3d at 1228 (9th Cir. 2011) ("In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test"). This test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

Here, Defendant has arguably "committed an intentional act"—utilizing Plaintiff's copyrighted images and allegedly infringing packaging material to sell a competing fiber optic light-up hair accessory on its website. However, Plaintiff has failed to establish that this act was "expressly aimed" at the Southern District of California or that Defendant anticipated that its act would cause harm in the Southern District of California. Specifically, Plaintiff's Complaint merely alleges that "… and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district." (Doc. No. 1 ¶ 5.) While the Court can only speculate, what Plaintiff appears to be alleging is that Defendant is offering competing goods into the stream of commerce with an expectation that they will be purchased by California customers. Unfortunately, the only evidence are the three alleged purchases that Plaintiff initiated itself using Defendant's webpage. *See Id*. ¶¶ 15, 19, and 20.

Even if this is the case, the stream-of-commerce theory of personal jurisdiction is "unsettled." *KGM Ind. Co., Inc. v. Harel*, 2012 WL 5363328 *1 (C.D. Cal. Oct. 30, 2012). Justice Brennan's concurrence in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 117 (1987) (Brennan J., concurring), suggests that a mere awareness by a defendant that a product is being marketed in a forum state should give rise to personal jurisdiction. But, the Ninth Circuit has not wholeheartedly agreed. It has since clarified the application of *Asahi*: "The placement of a product into the stream of commerce, without more, is *not* an act purposefully directed toward a forum state." *Holland America Line, Inc. v. Wartsila*

*North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (emphasis added) (quoting *Asahi*, 480 U.S. at 112 (1987)). "Even a defendant's awareness that the stream may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act *purposefully directed* toward the forum state." *Id.* (emphasis added); *see also id.* ("*Asahi* requires 'something more' than the mere placement of a product into a stream of commerce"). The "something more" required under *Asahi* can include "advertising in the forum, marketing the product through a distributor who has agreed to serve as sales agent in the forum state, and creating, controlling, or employing the distribution system that brought [the] product to the forum." *Hendricks v. New Video Channel America*, 2015 WL 3616983, at *6 (C.D. Cal. June 8, 2015).

In this action Plaintiff has merely alleged that Defendant is "doing business in California." This conclusory allegation is insufficient to demonstrate that "something more" required by Ninth Circuit precedent and is contradicted by the evidence submitted by Defendant. *See Mavrix Photo*, 647 F.3d at 1223 (the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit"); *Lang*, 823 F. Supp. 2d at 977 ("To the extent that Plaintiffs do allege Defendant's involvement in markets that would include California … those allegations are unsupported and refuted by [defendant]."); *Fiore v. Walden*, 657 F.3d 838, 846-47 (9th Cir. 2011) ("[M]ere 'bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.").

In this case, Defendant does not own an office, showroom, or telephone number in California, it does not have employees or a bank account in California, and it is not licensed or registered to conduct *any* form of business in California, as all operational aspects of the business occur at the Cypress, Texas, residence.[5] (*See generally* Doc. No. 8.) Rather,

---

[5]   Even if the Court takes the Plaintiff's allegations as true, the allegations are not sufficient to establish personal jurisdiction over the Defendant because Plaintiff fails to allege that Defendant's sales to California were not "random, fortuitous, or attenuated"

Defendant offers for sale products *only* through its webpage from which Defendant conducts *all* of the business.[6] *Id.* And Defendant's customers go to its webpage to view its products. *Id.* In other words, none of Defendant's conduct connected to the sale, marketing, or distribution, whether infringing or not, occurs in California.[7]

Accordingly, Plaintiff has failed to establish that Defendant purposefully directed its conduct at either California or, for purposes of venue, the Southern District of California. Therefore, this Court lacks personal jurisdiction over Defendant, which in turn means that venue as to Defendant is not proper in this district.

### 2. Transfer Under Section 1406(a)

Where a court determines that venue is improper, it may, in its discretion, either dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer the action to a district where venue is appropriate. *See* 28 U.S.C. § 1406(a) (where a case is filed in "the wrong division or district" the district court "shall dismiss, or if it be in their interest of justice, transfer such case to any district or division in which it could have been brought."). Courts have "significant discretion" in determining whether to dismiss or transfer an action. *See DirectTV, Inc. v. Leo*, 2010 WL 2740072, at *6 (C.D. Cal. Jul. 8, 2010) (citing *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588 (9th Cir.

---

and merely because California "is where the purchaser happened to reside." *See Boscheto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008).

[6] Posting Plaintiff's intellectual property on Defendant's website is insufficient to establish personal jurisdiction. *See Erickson v. Nebraska Mach. Co.*, 15-CV-01147-JD, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) ("The mere act of copying Erickson's photographs and posting them on NMC's website did not involve entering California, contacting anyone in California, or otherwise reaching out to California.").

[7] Marketing and selling to California residents through Defendant's website is insufficient to establish personal jurisdiction. *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 15-CV-02991-JST, 2015 WL 5834135, at *3-4 (N.D. Cal. Oct. 7, 2015) (finding no personal jurisdiction over defendant where plaintiff argued "the express aiming prong [was] satisfied here because 1.2% of [defendant's] sales are shipped to California and because [defendant] advertises for sale and sells infringing software on its website and through its Amazon.com account").

1991) (per curiam)); *see also L.A. Gem & Jewelry Design, Inc. v. Reese*, 2015 WL 4163336, at *6 (C.D. Cal. Jul. 9, 2015) ("The Court has discretion between choosing to transfer or choosing to dismiss for improper venue, but 'generally it is preferred to transfer the case rather than dismissing it altogether.'") (citing *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001)).  "A court need not have personal jurisdiction over the defendant in order to transfer, rather the court may order transfer so that jurisdiction may be established in the 'transferee court.'" *Multimin USA, Inc. v. Walco Int'l, Inc.*, 2006 WL 1046964, at *2 (E.D. Cal. Apr. 11, 2006) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)).

A review of the Complaint demonstrates defects with Plaintiff's copyright infringement claim.  These deficiencies, together with the fact that the Plaintiff has expressed no opinion on transfer, indicate that transfer of this case to another district court would only "delay[] the inevitable" and not be "in keeping with the Supreme Court's instruction to the lower federal courts 'to weed out' insubstantial [] suits 'expeditiously.'" *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (noting that "it made little sense to transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1406" since "[t]hat would have kept the case alive only until the next court looked it over and found it wanting").  Therefore, for the foregoing reasons, this Court Orders the case dismissed pursuant to Rule 12(b)(3), in lieu of transferring it to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406(a).

## IV. CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

**IT IS SO ORDERED.**

DATED: June 25, 2020

_____
**HON. ROGER T. BENITEZ**
United States District Judge